Harry T. Nusbaum, J.
The defendant in this matter has moved to open his default and to vacate and set aside the judgment taken against him after an inquest heard before me. The motion is denied.
My records indicate that this case was first assigned to me for trial on June 18, 19-70. The plaintiff and her attorney were present and ready to proceed to trial on that date. The attorney for the defendant, however, indicated that he was not then ready to proceed to trial and I, accordingly, and at his request *500 set the case down for trial on June 25, 1970, at 9:30 a.m. Both attorneys were advised to be ready to proceed to trial on that day and to have all their witnesses present in court. Both attorneys were further advised that no further adjournments would be granted. I was assured by both the attorney for the plaintiff and the attorney for the defendant that they would be ready for trial promptly at 9:30 a.m. on June 25,1970.
On June 25, 1970, at 9:30 a.m. the case was called for trial. The plaintiff by her attorney answered “ ready.” There was no appearance by the defendant. At my request, the attorney for the plaintiff and my secretary paged the attorney for the defendant in Part 38, the conference calendar part, and in several of the corridors of the building, but no one from the attorney of the defendant’s office could be found. Finally, at 10:50 a.m., after several futile attempts to locate the attorney for the defendant, the case was again called and I directed the attorney for the plaintiff to proceed to inquest. The plaintiff and two witnesses testified fully as to the accident and the injuries sustained by the plaintiff, and a judgment was awarded to the plaintiff. The statement that a Mr. Tuzio from the defendant attorney’s office came into the part “at about 10:45 a.m. and was advised that an inquest was already taken against the defendant ” is false. The trial of the inquest began at 10:50 a.m. and was not completed earlier than 11:30 a.m.
The only excuse offered by the attorney for the defendant for his failure to appear on June 25th at 9:30 a.m. ready to proceed to trial is that on that particular day his office had an extremely heavy case load. His precise statement is ‘ ‘ there were forty cases from my office that were on the Trial Calendar of the Court in thirteen different parts.” To handle this tremendous volume of business, the attorney for the defendant had two attorneys and two trial preparation men present in the courthouse. How the attorney for the defendant, with one case already marked ready for trial at 9:30 a.m., expected to handle 40 cases in 13 different parts with but two attorneys available is beyond my comprehension. This excuse amounts to an admission of his culpability. The attorney in question represents a large insurance carrier which has a great volume of business in this court, and he is not lacking in experience. Yet, with 40 cases on the calendar in 13 different parts, he had only two attorneys present in the court. I am forced to the conclusion that the promise of readiness made by the attorney from his office on June 18 was lightly made, without thought of the duty and responsibility implied thereby and the inconvenience to the court, the plaintiff, her witnesses, and her attorney, were the promise not kept. It *501 would not appear that any attempt was made to hire outside trial counsel, and there is no indication in the papers submitted that the case was prepared for trial or that the defendant’s attorney was actually ready to try the case on June 25. Calendars are published approximately one week in advance, and the attorney for the defendant knew or should have known what his work load would be on June 25.
Although the courts are reluctant always to deprive any person of his day in court and are generally liberal with respect to the opening of defaults, I am of the opinion that leniency in this regard may be one of the root causes of court and calendar congestion. Instead of an orderly disposition of this case on the date set for trial, this court is now burdened with the disposition of this motion, and our Special Term Clerks who are already overburdened, had to examine the order to show cause, make the required entries, add the case to the motion calendar, refer the motion to me, make the necessary calendar notations, and, when disposed of, make additional entries and do additional filing.
In weighing the defendant’s rights in this matter, the inconvenience and loss caused to the plaintiff must also be considered. She has twice appeared in this court. The witnesses in her behalf have appeared and testified. Her attorney has spent two days in court in connection with the matter. The defendant, if he had his way, would require the plaintiff and her witnesses to go through it all over again. I cannot be persuaded that this would be just.'
The critics of our court system are legion. Unfortunately, few of these critics ever take the trouble to find out why a part is not working and why a Judge with a full calendar of cases set for trial suddenly and frustratingly finds himself without any case to try.
The problem of getting both the attorney for the plaintiffs and the attorney for the defendants actually ready to proceed to trial becomes increasingly difficult. While I recognize the great pressures under which lawyers are working in today’s complex society and their reluctance to spend the time necessary to properly prepare and try a case, the fact remains that this is one of the Bar’s primary functions. As officers of the court, lawyers must share the responsibility for the proper and efficient functioning of our courts, and I find that the Bar generally does not recognize its responsibility in this area.
The problem is not a new one. In 1906, Mr. Justice Gayhor, in the case of Herbert Land Co. v. Lorenzen (113 App. Div. 802, 804), in discussing the failure, of an attorney to be ready after *502 having marked the case ready on the calendar call, stated: “ It is such attorneys who break up the calendars daily in our trial courts, if they are permitted to, and cause the courts to adjourn for lack of work.”
In the same opinion, at pages 804 to 805, Judge Gaynor made the following even more pertinent remarks: ‘ ‘ The practice of opening defaults as a matter of course should not be continued. Such practice has lowered respect for and injured the administration of justice, and is also a wrong to diligent attorneys and litigants who conform to the rules of court, and are entitled to the protection and favor of the court against the opposite kind of attorneys and litigants. ’ ’
Law office failures are insufficient to excuse delays and defaults (Sortino v. Fisher, 20 A D 2d 25; Wilson v. Whitehall Hotel Corp., 20 A D 2d 525 and Burke v. City of New York, 18 A D 2d 898), and I do not find that the actions of the attorney for the defendant constitute an “ excusable default ” within the purview of CPLR 5015 (subd. [a], par. 1).
The stay contained in the order to show cause is vacated. Ten-day stay of execution.